FILED
OCT 8 0 2007
OCT. 30, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| POONAM SOMBAYA and<br>CAROLENA RODRIGUEZ,<br>A98 054 660<br><br>Plaintiffs,<br><br>v.<br><br>DONALD FERGUSON, Interim<br>District Director Chicago<br>District Office, U. S.<br>Citizenship & Immigration<br>Services, and ROBERT MUELLER,<br>Director, Federal Bureau of<br>Investigations,<br><br>Defendants. | 07CV6120<br>JUDGE LINDBERG<br>MAG. JUDGE COX<br><br>Case No.<br>File No. A98 054 660 |

## PETITION FOR WRIT OF MANDAMUS

Plaintiffs, Poonam Sombaya and Carolena Rodriguez, by and through their own and proper persons, and through the LAW OFFICES OF KRIEZELMAN BURTON & ASSOCIATES, LLC, and hereby petitions this Honorable Court for a Writ of Mandamus directing the U.S. Citizenship & Immigration Services (hereinafter "USCIS"),and the Federal Bureau of Investigations (hereinafter the "FBI") to adjudicate the I-130 visa petition and adjustment of status application and process any and all background checks pursuant to the same, and in support thereof, we state as follows.

## I. INTRODUCTION

1. This is a civil action brought by the Plaintiffs to compel the Defendants and those acting under them to take action on the subject visa petition (INS Form I-130) and application to adjust status to that of a lawful permanent resident (INS Form I-485) filed by Mr. Poonam Sombaya with the USCIS/Department of Homeland Security and which Defendants and those acting under them have failed to take timely action on.

## II. JURISDICTION AND VENUE

2. This court has jurisdiction over this action pursuant to 28 USC Sec. 1331 (federal subject matter jurisdiction) in conjunction with 28 USC Sec. 1361 (mandamus), the Administrative Procedure Act (APA)(5 USC Sec. 555(b), and the Immigration & Nationality Act and regulations implementing it (Title 8 of the CFR).

3. Under 28 USC Sec. 1331, "(t)he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." There is jurisdiction under 28 USC Sec. 1331 because this action arises under 28 USC Sec. 1361

(mandamus), the Administrative Procedure Act (APA)(5 USC Sec. 555(b) and 5 USC Sec. 702), and the Immigration & Nationality Act (INA) and regulations implementing it (Title 8 of the CFR).

4. Under 28 USC Sec. 1361, "(t)he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

5. The APA requires USCIS and the FBI to carry out their duties within a reasonable time. The provision of the APA that provides this is 5 USC Sec. 555(b), which states that "(w)ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." USCIS and FBI are subject to 5 USC Sec. 555(b). Mr. Sombaya and Mrs. Carolena Rodriguez contend that the delays in processing the visa petition and his application for adjustment of status are unreasonable.

6. Both the regulations and the INA provide numerous examples of duties owed by the USCIS in the visa petition and adjustment of status process. 8 USC Sec. 1103 states that "[t]he Attorney General *shall* be charged with the

administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens." (emphasis added.) The Code of Federal Regulations further provides that each "[e]ach applicant for adjustment of status under this part *shall* be interviewed by an immigration officer," 8 CFR Sec. 245.6 (emphasis added); and, most importantly, that "the applicant *shall* be notified of the decision of the Director, and, if the application is denied, the reasons for the denial," 8 CFR Sec. 245.2 (emphasis added.)

The language of the statute and these regulations are mandatory, not discretionary, and requires the Defendant to adjudicate the adjustment of status applications. The USCIS has a mandatory duty to adjudicate applications and jurisdiction thus vests in mandamus before this Court. *Iddir v. INS*, 301 F.3d 492, 500 (7th Cir. 2002). Further, the FBI is likewise obligated to carry out their duties in an expeditious fashion.

7. Venue of this action is proper under 28 USC Sec. 1391(e)(3). The Defendants maintain their offices in this district and the USCIS Office in this district is adjudicating the plaintiff's applications.

4

## III. **PARTIES**

8. Plaintiff, Poonam Sombaya, is a citizen and national of India who was admitted to the United States on or about June 27, 2002, on a B-2 nonimmigrant visa.

On or about September 19, 2003, Mr. Sombaya married his wife, Carolena Rodriguez, a U.S. citizen. Thus on January 8, 2004, she had cause to file an I-130 visa petition to classify Mr. Poonam Sombaya as a spouse of a U.S. citizen pursuant to 8 USC Section 1151(b)(2)(A)(i). Further, it is unknown whether the subject visa petition was subsequently approved.

9. On January 8, 2004, your Plaintiff filed an application to adjust status to that of a lawful permanent resident of the United States. The subject application was filed with the local office of the U.S. Citizenship & Immigration Services, (hereinafter the "USCIS"), Department of Homeland Security.

10. Defendant, Donald Ferguson, is sued in his official capacity. He is the Chicago Interim District Director of USCIS. As such, he is the Attorney General's designate for the Chicago District, charged with the duty of administration and enforcement of all the functions,

powers, and duties of USCIS. On November 25, 2002, the President signed into law the Homeland Security Act of 2002 (Pub. L. No. 107-296), which created the new Department of Homeland Security (DHS). Pursuant to the provisions of the Homeland Security Act, DHS came into existence on January 24, 2003. As provided by the Homeland Security Act and by the Department of Homeland Security Reorganization Plan of November 25, 2002, as modified (Reorganization Plan), the functions of the INS of the Department of Justice, and all authorities with respect to those functions, transferred to DHS on March 1, 2003, and the INS was abolished on that date. The transition and savings provisions of the Homeland Security Act, including sections 1512(d) and 1517, provide that references relating to the INS in statutes, regulations, directives or delegations of authority shall be deemed to refer to the appropriate official or component of DHS.

11. That Robert Mueller is sued in his official capacity. The FBI is responsible for the proper background clearance conducted on each applicant for adjustment of status.

## IV. FACTS

12.   Mr. Sombaya is a citizen and native of India. He was born on July 28, 1970. Poonam Sombaya and Carlena Rodriguez married on September 19, 2003. Carlena Rodriquez is a citizen of the United States.

13.   Mr. Sombaya initially entered the United States on a B-2 nonimmigrant visa. Thereafter, he remained continuously in the United States, eventually marrying his U.S. citizen wife, Carlena Rodriquez.

14.   That Mr. & Mrs. Sombaya filed his application for adjustment of status to that of a lawful permanent resident of the United States on or about January 8, 2004.

15.   That along with his application to adjust status was an application for work authorization. This subject application was approved.

16.   That after filing his application to adjust status to that of a lawful permanent resident, your Plaintiff was interviewed pursuant to the same by the Department of Homeland Security on December 14, 2004. Further, the processing time for the subject application as noted by the Department of Homeland Security is not more than eighteen (18) months.

17. That your Petitioner has inquired on a number of occasions as to the status of the presently pending application to adjust status. (See attached).

Further, no proper communication was received relative to the same in terms of final adjudication.

### REQUEST FOR RELIEF

(Unreasonable Delay)

18. The allegations contained in paragraphs 1 through 17 above are repeated and re-alleged as though fully set forth herein.

19. Mr. & Mrs. Sombaya have complied with all of the requirements for filing his visa petition and application to adjust status to permanent residency.

20. The Defendants have willfully and unreasonably delayed and have refused to interview and/or adjudicate the I-485 application to adjust status to lawful permanent residency.

21. The delay in adjudicating the application is not attributable to Mr. & Mrs. Sombaya.

22. The Defendants owe your Plaintiffs a duty to

adjudicate the adjustment of status application and has unreasonably failed to perform that duty. This duty is owed under the Immigration & Nationality Act regulations, as well as by the fact that by charging a filing fee, USCIS created for itself an obligation to process and adjudicate the application.

23. The delay is unreasonable per se.

24. Alternatively, or in addition thereto, the delay is unreasonable in light of USCIS estimated processing times and press releases which claim improved processing times and increased efficiency, and which further indicate that adjustment of status applications can be processed in less time now than in prior years.

25. The delay is unreasonable in light of the fact that upon information and belief, as a result of the delay, Mr. Sombaya will have to be fingerprinted again in order to have his application for adjustment of status adjudicated. Since the USCIS has made no efforts to fingerprint him again, his case is in an indefinite administrative limbo.

26. The delay is unreasonable in light of the fact that USCIS has been unable to adequately respond to any of the Plaintiff's inquiries on their applications.

27. By making numerous inquiries on the status of the

application, Mr. Sombaya has exhausted any and all administrative remedies that may exist. No other remedy exists to resolve Defendant's delay and lack of ability or willingness to adjudicate the Plaintiff's application for adjustment of status.

**WHEREFORE,** and in light of the foregoing, Petitioner, Mr. Sombaya, prays that the Court:

　　A. Assume jurisdiction herein;

　　B. Compel the Defendants and those acting under them to perform their duty or duties to adjudicate the application for adjustment of status (Form I-485);

　　C. Grant such other and further relief, as the Court deems appropriate and just.

Dated:　Chicago, Illinois
　　　　October 25, 2007

　　　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　KRIEZELMAN BURTON &
　　　　　　　　　　　　　　　ASSOCIATES, LLC
　　　　　　　　　　　　　　20 North Clark St., #725
　　　　　　　　　　　　　　Chicago, Ill 60602
　　　　　　　　　　　　　　(312) 332-2550

　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　Justin R. Burton
　　　　　　　　　　　　　　#6271142

## VERIFICATION

JUSTIN R. BURTON, under penalty of perjury, states the following:

1. I am an attorney admitted to practice before this Court. I am employed by Kriezelman Burton & Associates, LLC, the attorneys for the Plaintiffs in the foregoing Complaint.

2. I affirm the truth of the contents of the foregoing Complaint upon information and belief. The sources of my information and belief are documents provided to me by, and conversations with the Plaintiff.


Dated:  Chicago, Illinois
        October 25, 2007

_____
Justin R. Burton
#6271142

## CERTIFICATE OF SERVICE

I, JUSTIN R. BURTON, ESQ., attorney for Plaintiff, do certify that on October 30, 2007, I served a copy of the attached **Petition for Writ of Mandamus** to the following:

Donald Ferguson
Interim District Director
U.S. Citizenship & Immigration Services
101 Congress Parkway
Chicago, Illinois 60605

Office of the U.S. Attorney
219 South Dearborn Street, 5th floor
Chicago, Illinois 60604

Robert Mueller, Director
Office of Attorney General
Fed. Bureau of Investigation
J. Edgar Hoover Building
935 Pennsylvania Ave., NW
Washington, D.C. 20535-0001

_____
JUSTIN R. BURTON, ESQ.

JUSTIN R. BURTON, ESQ.
KRIEZELMAN BURTON & ASSOCIATES, LLC
20 North Clark Street - Suite 725
Chicago, Illinois 60602
(312) 332-2550



U.S. Department of Homeland Security
10 W. Jackson Blvd.
Chicago, IL 60604

**U.S. Citizenship and Immigration Services**

July 26, 2005

Guy V. Croteau
Immigration Law Center
Law Office of Guy V. Croteau
53 W. Jackson Blvd. 1st Floor
Chicago, Illinois 60604

A98-054-660 Poonam Sombaya

Dear Mr. Croteau:

Our records indicate that your client's case is under further review by the adjudicating officer along with the assistance of other agencies pertaining to the bondafides of the documented evidence your client submitted in support of their application and/or petition for the immigration benefits your client is seeking to obtain. Cases are referred for additional review for a variety of reasons, therefore it is difficult to predict with accuracy when this review will be completed. Every effort is being made to render a final decision in a timely manner.

Sincerely,

Michael M. Comfort
District Director

Thank you for contacting CIS Customer Service: gh

www.uscis.gov

ATTN: JEFFREY KRIEZELMAN

FROM: POONAM - SOMBAYA
708-296-9037



**U.S. Department of Homeland Security**
National Benefits Center
P.O. Box 648005
Lees Summit, MO 64064

**U.S. Citizenship and Immigration Services**

Thursday, September 27, 2007

CAROLENA RODRIGUEZ
2742 74TH COURT
ELMWOOD PARK IL 60707

Dear Carolena Rodriguez:

On 09/27/2007 you, or the designated representative shown below, contacted us about your case. Some of the key information given to us at that time was the following:

| | |
|---|---|
| **Caller indicated they are:** | Applicant or Petitioner |
| **Attorney Name:** | Information not available |
| **Case type:** | I130 |
| **Filing date:** | 01/23/2004 |
| **Receipt #:** | MSC-04-113-16775 |
| **Beneficiary (if you filed for someone else):** | Information not available |
| **Your USCIS Account Number (A-number):** | Information not available |
| **Type of service requested:** | Non-Delivery of Approval Notice |

The status of this service request is:

Our records show that a Request for Additional Evidence was mailed to you on 12/14/04 and a response has not been received. Your case is currently in suspense or on hold until we receive your response. If you have not received the Request for Additional Evidence notice, you may request a copy of the request notice (RFE) by making an INFOPASS appointment at a USCIS District Office by going to USCIS website at www.uscis.gov, click on Schedule an Appointment, then INFOPASS.

If you have any further questions, please call the National Customer Service Center at 1-800-375-5283.

Please remember: By law, every person who is not a U.S. citizen and who is over the age of 14 must also notify the Department of Homeland Security within 10 days from when they move (persons in "A" or "G" nonimmigrant status are exempt from this requirement). If you have moved, please complete a Form AR-11 and mail it to the address shown on that form. If you do not have this form, you can download it from our website or you can call the National Customer Service Center at 1-800-375-5283 and we can order one for you. If you move, please call us with your new address information as soon as your move is complete. If you have already called us and given us this information, you do not need to call again.

U.S. Citizenship and Immigration Services



U.S. Department of Homeland Security
Washington, DC 20529

U.S. Citizenship
and Immigration
Services

HQCIS 181/48.2-C

Jeffrey Kriezelman
Attorney at Law
20 N. Clark Street, Suite 725
Chicago, IL 60602

Ref: Poonam Sombaya

Dear Mr. Kriezelman:

Thank you for your correspondence dated March 20, 2007, to the Citizenship and Immigration Services (USCIS). The following response is provided for your information/action.

Our records indicate that your client's case is under further review. All evidence submitted by him in support of the application and/or petition for the immigration benefit being sought is being examined.

Cases may require additional review for a variety of reasons. When it is in the interest of upholding the United States immigration laws both in terms of enforcement and rights to privacy that information may not be disclosed. It is difficult to predict when this review will be completed. Every effort is being made to render an accurate and final decision in a timely manner. We ask that your constituent allow at least 90 days for a response before inquiring again.

We thank you for your understanding and patience.

Sincerely,

Fairy D. White
Supervisory Program Specialist
Customer Assistance Office
U.S. Citizenship and Immigration Services

www.uscis.gov